1 | Humberto M. Guizar, Esq., (SBN 125769)
2 | GUIZAR, HENDERSON & CARRAZCO, L.L.P.
3 | 18301 Irvine Blvd. Tustin, CA 92780
  | Telephone No.: (714) 541-8600
4 | Facsimile No.: (714) 541-8601
  | E-Mail: herito@aol.com
5 |
6 | Attorneys for Plaintiffs
  | ANDREW GARCIA,
7 |
8 | WOODRUFF, SPRADLIN & SMART, APC
  | DANIEL K. SPRADLIN – State Bar No. 82950
  | dspradlin@wss-law.com
9 | CAROLINE A. BYRNE – State Bar No. 196541
  | cbyrne@wss-law.com
10 | 555 Anton Boulevard, Suite 1200
   | Costa Mesa, California 92626-7670
11 | Telephone:  (714) 558-7000
   | Facsimile:   (714) 835-7787
12 |
13 | Attorneys for Defendants CITY OF GARDEN GROVE, a public
   | entity and OFFICER BRYAN MEERS, an employee of Defendant
14 | City of Garden Grove, a public entity

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| ANDREW GARCIA, | ) | **CASE NO: 8:16-cv-00154 DOC (KESx)** |
| | ) | |
| Plaintiffs, | ) | **Hon. KAREN E. SCOTT** |
| | ) | |
| vs. | ) | **DISCOVERY MATTER** |
| | ) | |
| CITY OF GARDEN GROVE, | ) | **JOINT DISCOVERY MOTION TO** |
| BRYAN MEER, and DOES 1 | ) | **COMPEL DEFENDANT CITY OF** |
| through 10, inclusive, | ) | **GARDEN GROVE TO PRODUCE** |
| | ) | **DOCUMENTS** |
| Defendants. | ) | |
| _____ | ) | **[Declaration of Humberto Guizar** |
| | | **and attached exhibits in support;** |

- 1 -

**JOINT DISCOVERY MOTION TO COMPEL DEFENDANT**
**CITY OF GARDEN GROVE TO PRODUCE DOCUMENTS**

1

2

**[Proposed] Order; filed concurrently herewith]**

3

Hearing Date: Tuesday Oct. 25, 2016

4

Time:10:00 a.m.

Place: Courtroom 6 D

5

Before Hon. Karen E. Scott

Discovery cut-off Date: July 10, 2017

6

Pre-Trial Conference: October 2, 2017

7

Trial Date: October 10, 2017

8          The  following  parties  have  appeared  through  their  respective  Counsel,  and

9   participated in the preparation of this Joint Discovery Motion.

10

| Party | Counsel |
|-------|---------|
| Plaintiff; Attorneys for Plaintiffs ANDREW GARCIA | Humberto Guizar Esq., GUIZAR, HENDERSON & CARRAZCO, L.L.P. 18301 Irvine Blvd. Tustin, CA 92780 Telephone No.: (714) 541-8600 Facsimile No.:  (714) 541-8601 |
| Defendants, City of Garden Grove, Bryan Meers, and DOES 1 through 15 inclusive | Caroline A. Byrne Esq., WOODRUFF, SPRADLIN & SMART 555 Anton Boulevard, Suite 1200 Costa Mesa, CA 92626 Telephone No.: (714) 558-7000 Facsimile No.: (714) 835-7787 |

11

12

13

14

15

16

17

18

19

20

21

22

23          **TO THE HONORABLE  KAREN E. SCOTT, UNITED STATES**

24   **MAGISTRATE JUDGE:**

25          Pursuant to Local Rule 37-2.1, the parties hereby submit this joint stipulation

26   in support of Plaintiff ANDREW GARCIA'S motion to compel further responses to

27

28

- 2 -

**JOINT DISCOVERY MOTION TO COMPEL DEFENDANT
CITY OF GARDEN GROVE TO PRODUCE DOCUMENTS**

Plaintiff's First Set of Requests for Production of Documents, properly served on Defendant City of Garden Grove. Please See; Plaintiff's Exhibit [A]. Defendant City of Garden Grove timely served responses to the Request for Production of Documents and attached a declaration to the responses.  Please See Plaintiff's Exhibit [B] and [C]. In order to comply with Local Rule 37-1, Plaintiff's counsel served a 3-page meet and confer letter on defendants on September 8, 2016. Please see Plaintiff's Exhibit [D].  On September 9, 2016, Defendant's counsel requested a limitation on the documentation sought and requested any authority to support Plaintiff's contentions. Please see Exhibit [H] attached to the Declaration of Michael Tam.  Thereafter on September 13, 2016 Plaintiff sent Defendant's counsel an e-mail with an explanation and authority supporting Plaintiff's request for the information. Please see Plaintiff's Exhibit [F].  On September 19, 2016, less than an hour before the scheduled in-person meet and confer conference, Plaintiff served another follow up 21-page meet and confer letter, attached to this motion as Exhibit [E]. The parties met and conferred in person, on September 19, 2016.  Defendant requested four days to review and address Plaintiff's Exhibit [E]. Plaintiff refused to allow time to review the late delivered meet and confer letter. Please see Exhibit [I] attached to the Declaration of Michael Tam.

The parties were unable to resolve the discovery disputes as detailed in this joint stipulation. Pursuant to Local Rule 37-2.1, a copy of the order establishing the current case schedule and the original scheduling order with the current discovery cut-off date is attached as Exhibit [G] to the declaration of Humberto Guizar filed herewith.

///

///

///

**JOINT DISCOVERY MOTION TO COMPEL DEFENDANT
CITY OF GARDEN GROVE TO PRODUCE DOCUMENTS**

1192184.1

1    Dated: September 27, 2016          Respectfully submitted,

2                                       LAW OFFICES OF HUMBERTO GUIZAR

3                                       By:    /s/
                                        HUMBERTO GUIZAR
4                                       Attorneys for Plaintiff
                                        ANDREW GARCIA
5

6

7    Dated: September 26, 2016          WOODRUFF, SPRADLIN & SMART APC

8

9                                       By: /s_____
                                        Caroline Byrne
10                                      Attorneys for Defendant

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 4 -

**JOINT DISCOVERY MOTION TO COMPEL DEFENDANT
CITY OF GARDEN GROVE TO PRODUCE DOCUMENTS**

# TABLE OF CONTENTS

Page No:

I.   PLAINTIFF'S INTRODUCTORY STATEMENT,

SPECIFICATION OF ISSUES IN DISPUTE..................................6-9


II.   DEFENDANT CITY OF GARCEN GROVE,

INTRODUCTORY   STATEMENT, SPECIFICATION

OF ISSUES IN DISPUTE.................................................................9-11

III.   PARTIES' CONTENTIONS REGARDING PLAINTIFF'S

DISCOVERY REQUESTS AND ARGUMENTS ....................11-27

IV.   PLAINTIFF'S CONCLUSION......................................................27-28

V.   DEFENDANT'S   CONCLUSION.......................................................28

**JOINT DISCOVERY MOTION TO COMPEL DEFENDANT
CITY OF GARDEN GROVE TO PRODUCE DOCUMENTS**

1192184.1

# I.

## PLAINTIFF'S INTRODUCTORY STATEMENT AND

## SPECIFICATION OF ISSUES IN DISPUTE

A. **Introduction**:

This is a civil rights action brought by Plaintiff ANDREW GARCIA against the City of Garden Grove, Bryan Meers, and DOES 1 through 10. Plaintiff is alleging a violation of various rights under the United States Constitution causing Plaintiff to suffer catastrophic injuries.

The incident that is the subject of the lawsuit occurred on June 29, 2015 in the City of Garden Grove. Garden Grove Police Department officer Bryan Meers aggressively and in a combative manner approached Andrew Garcia while Plaintiff Andrew Garcia was lawfully resting on the sidewalk. More specifically, Bryan Meers approached Plaintiff with his firearm on hand yelling profanities at Plaintiff in a violent and aggressive manner, which caused Plaintiff Andrew Garcia to be in immediate fear for his life, which caused Plaintiff to run away from Bryan Meers.

Prior to defendant BRYAN MEERS firing his weapon at Plaintiff, Plaintiff tossed a toy pellet gun (not a firearm) away from his person. Plaintiff tossed the pellet gun because he was fearful of defendant MEERS and he did not want to give defendant MEERS an excuse to shoot him.

As the unarmed Andrew Garcia ran away from Defendant Bryan Meers, Defendant Meers proceeded to fire his weapon directly into the back of Plaintiff Andrew Garcia.  This was done in cold blood. More specifically, as Plaintiff was running with his hands swinging defendant Meers positioned himself on one knee. Using his knee for leverage defendant Meers aimed at the unarmed Plaintiff and shot at him with the intent to kill him. After the shooting defendant Meers fabricated a story to explain why he fired his weapon in the manner he did.  In his

**JOINT DISCOVERY MOTION TO COMPEL DEFENDANT
CITY OF GARDEN GROVE TO PRODUCE DOCUMENTS**

official accounts, defendant Meers stated that Andrew Garcia was aiming a gun at him as Andrew ran. This statement by defendant Meers is a blatant unequivocal lie. In fact, there are eyewitnesses to the shooting that reported Andrew did not have anything in his hand when defendant Meers shot Plaintiff. One eyewitness is an independent civilian witness. *The other eyewitness is a reserve officer.*  Both of these witnesses stated that Andrew did not have anything in his hands when defendant Meers aimed his gun and fired into Andrews's back. The physical evidence is consistent with Andrew being shot with his back facing defendant Meers.

As a result of being shot multiple times, Plaintiff sustained visible and traumatic physical injuries that were life threatening and permanently disabling. Despite these obvious injuries, and life threatening condition, Andrew Garcia was held at the scene the shooting for ½ hour before medical personnel was summoned to assist him, and on information and belief, Andrew Garcia did not refuse medical aid at the scene. Mr. Garcia continues to suffer as a result of this unjustified shooting. He is permanently scarred and disfigured, and he suffers with major physical disabilities 24 hours a day.

During the entire encounter described above, Plaintiff did not verbally threaten attempt to use any kind of force on any person. Plaintiff never aimed a weapon in the direction of defendant Meers.  Furthermore, at the time of the shooting, defendant MEERS had no information that ANDREW GARCIA had committed any crime or that he was threatening any other person with harm. In fact, ANDREW GARCIA had not committed any crime of any kind.

Defendant, Meers, and Defendant CITY were provided with additional information demonstrating that Andrew Garcia had not committed any crime(s), but intentionally disregarded it and instead took steps to cover-up the misconduct. On

- 7 -

1192184.1

information and belief, defendant MEERS acted with deliberate indifference and with the intent and purpose to harm Plaintiff unrelated to any legitimate law enforcement objective.

During the time defendant MEERS was shooting at plaintiff with his firearm he acted with deliberate indifference and with the specific intent and purpose to harm Plaintiff unrelated to any legitimate law enforcement objective.

The conduct of Defendants BRYAN MEERS, was willful, wanton, malicious and done with an evil motive and intent and a reckless disregard for the rights and safety of Plaintiff ANDREW GARCIA and therefore Plaintiff alleges Defendant Bryan Meers violated Plaintiff's federal constitutional and state common law rights. More specifically, Plaintiff is making the following legal claims:

1.     Unreasonable Search and Seizure-Detention and Arrest (42 U.S.C. § 1983);

2.     Unreasonable Search and Seizure-Excessive Force and Denial of Medical Care (42 U.S.C. § 1983);

Plaintiff is also making the following State law claims:

1.     Assault and Battery;

2.     General Negligence.

Plaintiff is seeking compensatory damages, exemplary damages, punitive damages and attorney's fees against all of individual defendants.

**B. Discovery Issue in Dispute:**

On July 13, 2016 Plaintiff Andrew Garcia served Defendant City of Garden Grove a Request for Production of Documents, set 1, (attached to this Motion as Exhibit (A). In this discovery request, Plaintiff requested the defendant to produce relevant documents regarding defendant Meers' personnel file that can only be obtained from the defendants.

**JOINT DISCOVERY MOTION TO COMPEL DEFENDANT
CITY OF GARDEN GROVE TO PRODUCE DOCUMENTS**

1192184.1

1  On August 15, 2016, Defendant City of Garden Grove objected to requested

2  items numbers; Items 20, 21, 22, 25, 26, 30, and 33. Defendants also submitted a

3  Declaration of a Garden Grove Police Department Chief Mciver in support of

4  defendant's refusal to produce the documents requested. Please See Exhibit [C],

5  attached to this motion.

6  Plaintiff is moving to compel production of the discovery requested because

7  the information sought is relevant to Plaintiffs federal claims against Defendants

8  City of Garden Grove and Bryan Meers.

9  **II.**

10  **DEFENDANT'S INTRODUCTORY STATEMENT AND**

11  **SPECIFICATION OF ISSUES IN DISPUTE**

12  This case arises out of an officer involved shooting of Plaintiff when he

13  refused to drop his weapon, running and pointing his gun at a City of Garden Grove

14  police officer. On June 29, 2015, an off-duty City of Santa Ana police officer was

15  driving on his way to work when he saw Plaintiff holding a semi-automatic

16  handgun. The Santa Ana police officer called dispatch and reported Plaintiff

17  walking openly with a gun in his hand. The Santa Ana officer identified that

18  Plaintiff put the gun in his waistband and repeatedly reached for it while walking.

19  The officer also stated that Plaintiff displayed odd behavior that led him to believe

20  he was possibly under the influence of drugs. At this time, two undercover officers

21  followed Plaintiff in an unmarked vehicle while he walked with the gun down a

22  residential street. Plaintiff then started to walk to the end of a cul-de-sac to a

23  walkway that led onto Chapman Avenue, a main thoroughfare.

24  Officer Bryan Meers responded to the call of a man with a gun and drove his

25  marked police unit towards Plaintiff as he walked towards the end of the street.

26  Officer Meers got out of his vehicle and commanded Plaintiff to stop. Plaintiff

27

28

**JOINT DISCOVERY MOTION TO COMPEL DEFENDANT**
**CITY OF GARDEN GROVE TO PRODUCE DOCUMENTS**

refused to comply with the verbal command and ran through the walkway onto Chapman Avenue. As Officer Meers followed Plaintiff, Plaintiff removed the gun from his waistband and pointed the gun at Officer Meers. Fearing for his life, Officer Meers fired his weapon and ultimately hit Plaintiff in the right shoulder and right foot, which caused Plaintiff to stop running with the gun. Officer Meers immediately called for paramedics and began rendering first aid. After paramedics responded, Plaintiff was transported to UCI Medical Center.  After the fact, it was noted that the gun Plaintiff was brandishing was a replica gun, however, there was no orange tip or any other delineating marker to distinguish it as a pellet gun and indeed, it exactly resembled a Beretta.

By this motion, Plaintiff seeks to discover information protected by the official information privilege. Even if the privilege did not apply, Plaintiff's request seeks information that has no possible bearing on any claim or defense. This case arises out of a June 29, 2015 officer involved shooting. Plaintiff alleges claims of excessive force against Defendants. Plaintiff seeks documents related to incidents that may have happened after this incident along with incidents and/or training unrelated to the alleged constitutional violation of excessive force.

Contrary to the Plaintiff's argument, the Declaration of Sergeant Craig McIver establishes the applicability of the official information privilege. As identified in the declaration, the release of officer personnel and investigatory files would seriously interfere and compromise the Department's ability to investigate and obtain candid disclosure from witnesses and police officers involved in the incidents.

Further, there is no possible relevance of any subsequent incident, incidents unrelated to use of force or training unrelated to use of force. To prove a Monell claim, Plaintiff must show that prior to June 29, 2015, there existed a long-standing

**JOINT DISCOVERY MOTION TO COMPEL DEFENDANT
CITY OF GARDEN GROVE TO PRODUCE DOCUMENTS**

1192184.1

persistent custom that was the moving force behind the alleged constitutional violation. Subsequent incidents along with incidents and/or training unrelated to the constitutional violation have no relevance. Plaintiff seems to argue that because he made the wild and unsupported allegation that Officer Meers lied when he provided his statement to the District Attorney that all inquiries are fair game. This is illogical and not supported by any authority.

Plaintiff failed to meet and confer in good faith. Plaintiff initially sent a letter on September 8, 2016 without referencing a single statute or case. Defendant pointed this issue out in a September 9, 2016 letter, requesting information and authority to support Plaintiff's position. Defendant also requested information and authority to allow for the discovery of subsequent incidents or information unrelated to use of force. Plaintiff's only response was that the official information privilege did not apply under the ten factors in <u>Frankenhauser v. Rizzo</u>, 59 F.R.D. 339, 344 (E.D. Pa. 1973). There was no analysis or identification of the factors that did or did not apply. Instead, Plaintiff waited until thirty minutes before the September 19, 2016 in-person meet and confer conference to deliver a 21-page letter. Defendant requested a mere four extra days to review the letter and authorities, however, Plaintiff refused to allow any time, sending this stipulation the night of the conference.

Even if documents are ordered to be produced, the materials should be limited to items in the personnel file and/or internal affairs investigations related to claims of excessive force made prior to June 29, 2015.

### III.

**(i)    PARTIES' CONTENTIONS REGARDING PLAINTIFF'S**

**JOINT DISCOVERY MOTION TO COMPEL DEFENDANT
CITY OF GARDEN GROVE TO PRODUCE DOCUMENTS**

1
2
3
4

**DISCOVERY REQUESTS AND ARGUMENTS PLAINTIFF ANDREW GARCIA REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT CITY OF GARDEN GROVE, SET 1, ITEM NO. 20.**

5
6

"Any and all internal affairs investigations of Garden Grove Police Officer, Defendant, Bryan Meers."

7
8

**(ii)    DEFENDANT CITY OF GARDEN GROVE RESPONSE TO REQUEST FOR PRODUCTION SET 1, ITEM NO. 20.**

9
10
11

Please See; "DECLARATION OF SERGEANT CRAIG MCIVER IN SUPPORT OF OFFICIAL INFORMATION PRIVILEGE CLAIMED", attached to this Motion as Exhibit [D]

12
13
14

**(iii)    PLAINTIFF'S ARGUMENT FOR COMPELLING PRODUCTION OF DOCUMENTS REQUESTED BY REQUEST TO PRODUCE, SET 1, ITEM NO. 20.**

15
16

These documents are not privileged from disclosure  in this civil rights action or otherwise barred from disclosure by the Official Information Privilege.

17
18
19
20
21
22
23
24
25

Based on the reports that have been produced so far it is clear defendant Meers fabricated a factual scenario in order to try to justify his use of excessive force against Andrew Garcia. Police officers are trusted by our society to protect the public and use weapons in a safe manner. As public servants  police officers have a duty to be honest and truthful when they prepare official reports explaining their use of deadly force. In this case, it is apparent defendant Meers lied when he officially explained his version of the shooting. Therefore, defendant Meers prior conduct and behavior as a police officer is a subject matter that Plaintiff must be able to examine. As shown in the introductory statement and history of this case,

26
27
28

- 12 -

1192184.1

1    the information sought by Plaintiff is relevant and necessary for Plaintiff to properly
2    prove his claims against defendant BRIAN MEERS.

3           Prior to the filing of this motion, Plaintiff's counsels signed a protective order
4    to protect the privacy of the defendant officer or other 3rd parties. Nonetheless, the
5    defendant has refused to provide the information and has instead has forced
6    Plaintiff to file this discovery motion.

7           F.R.C.P. 26(b)(1) provides a broad  discovery scope: "Parties may obtain
8    discovery regarding any matter, not privileged, which is relevant to the subject
9    matter involved in the pending action, whether it relates to the claim or defense of
10   the party seeking discovery or to the claim or defense of any other party, including
11   the existence, description, nature, custody, condition, and location of any books,
12   documents,  or other tangible things and the identity and location of persons having
13   knowledge of any discoverable matter. The information sought need not be
14   admissible at the trial if the information sought appears reasonably calculated to
15   lead to the discovery of admissible evidence."

16          Furthermore,  In a federal question case like this one, questions of evidentiary
17   privilege are governed by federal common law. United  States v. Zolin, 491 U.S.
18   554, 562 (1989). A federal court is not bound to recognize state privileges in federal
19   question cases. See Garrett v. City and County of San  Francisco,  818 F.2d  1515,
20   1519 fn.6 (9th Cir. 1987).

21          Nonetheless, in this case the City of Garden Grove in response to the
22   discovery requested by Plaintiff attached a self-serving declaration of Garden Grove
23   Police Department Sergeant McInis.  Sergeant Mcinis states the documents sought
24   cannot be produced because it would compromise the operations of the Garden
25   Grove police department, in particular its ability to supervise its officers. There is
26   no merit to Sergeant McInis assertions whatsoever.  Not one single example of how

27

28
                                          - 13 -
                    **JOINT DISCOVERY MOTION TO COMPEL DEFENDANT**
                    **CITY OF GARDEN GROVE TO PRODUCE DOCUMENTS**

1   production of such records has damaged the department was referenced in the

2   declaration of Sgt. Mcinis, nor is there any empirical data or evidence to support

3   this frivolous assertion.

4          Conversely, the officer's interest in being protected against the disclosure of

5   information about prior involvement in disciplinary proceedings or citizen

6   complaints is not the kind of highly personal information that warrants unlimited

7   protection. See <u>King v. Conde</u>, 121 F.R.D. 180, 191 (E.D.N.Y. 1988)  ("The privacy

8   interest in non-disclosure of professional records should be especially limited in

9   view of the role played by the police officer as a public servant who must be

10  accountable to public review."); also see, <u>Ramirez v. County of Los Angeles</u>, 231

11  F.R.D. 407, 411 (C.D. Cal. 2005); and  <u>Ceramic Corp. of America v. Inka Mar.

12  Corp.</u>, 163 F.R.D. 584, 589 (C.D. Cal.1995) ("In recent years, the courts have

13  routinely ordered the production of personnel files of third parties in . . . police

14  brutality  cases.").

15         The only recognized federal privilege is the official information privilege,

16  drawn from <u>Sanchez v. City of Santa Ana</u>, 936 F.2d 1027 (9th Cir. 1991)). "In order

17  to determine whether personnel files sought are privileged, courts must weigh

18  potential benefits of disclosure against potential disadvantages; if the latter is

19  greater, the official information privilege may bar discovery." Id., at 1033-34.

20  "Such balancing should be conducted on a case by case basis, determining what

21  weight each relevant consideration deserves in the fact-specific situation that is

22  before the Court.  This balancing test has been moderately pre-weighted in favor of

23  disclosure." <u>Miller v. Pancucci</u>, infra, at 300. The federal official information

24  privilege applies only if the plaintiff has no need for the information. <u>Sanchez v.

25  City of Santa Ana</u>, 936 F.2d 1027, 1033-34 (9th Cir. 1990), cert. den'd. 502 U.S.

26  957, 112 S. Ct. 417 (1991); <u>Kerr v. United States Dist. Court. for N.D.</u> Cal., 426

27

28

- 14 -

**JOINT DISCOVERY MOTION TO COMPEL DEFENDANT
CITY OF GARDEN GROVE TO PRODUCE DOCUMENTS**

1   U.S. 394, 96 S. Ct. 2119 (1976).   In <u>Soto v. City of Concord</u>, 162 F.R.D. 603, 618

2   (N.D. Ca 1995) the court found  that, where the defendants asserted only "the

3   general proposition that internal affairs investigatory documents and statements of

4   police officers and/or witnesses should remain secret in order to encourage `frank

5   discussions,'" that assertion was "insufficient to meet the threshold test for invoking

6   the official information privilege." 162 F.R.D. at 614. Moreover, the Court noted

7   that the defendants failed to address how disclosure pursuant to a protective order

8   "would create a substantial risk of harm to significant government interests." Id.

9        The City of Garden Grove cannot establish that disclosure pursuant to a

10  protective order would create a substantial risk of harm to significant government

11  interests because there is no evidence to support that assertion. Sgt. Mcinis claims

12  that production would damage the department is pure hyperbole. In the absence of

13  any such evidence the City must produce all of the documents requested by

14  Plaintiff.

15       Another helpful authority, <u>Kelly v. City of San Jose</u> 114 F.R.D. 653 (N.D. Ca

16  1987) states that the balancing test should be moderately pre-weighted in favor of

17  disclosure based on the public policy that privileges should be narrowly construed

18  and the policy supporting the enforcement of the civil rights statutes through civil

19  actions filed by aggrieved private parties. 114 F.R.D. at 660-662.  The government's

20  confidentiality interest is not as strong, when the events are long since past and

21  there will be no further criminal prosecution or internal affairs follow-up arising out

22  of the incident. Kelly, 114 F.R.D. at 662, citing <u>Spell v. McDaniel</u>,591 F.Supp.

23  1090, 1119 (E.D.N.C. 1984).  In the case at hand, the Orange County District

24  Attorney's Office has already declined to prosecute Defendant Officer McInis and

25  there is no reason for his prior internal affairs investigations or any part of his

26

27

28

- 15 -

**JOINT DISCOVERY MOTION TO COMPEL DEFENDANT
CITY OF GARDEN GROVE TO PRODUCE DOCUMENTS**

personal file to be withheld. This authority applies whether the information predates the incident or is post incident.

### (iv)   DEFENDANT'S ARGUMENT AGAINST COMPELLING A FULL RESPONSE TO PLAINTIFF'S REQUEST TO PRODUCE SET 1, ITEM NO. 20.

The official information privilege is applicable to this request.  As identified in the declaration of Sgt. McIver, the release of officer personnel and investigatory files would seriously interfere and compromise the Department's ability to investigate and obtain candid disclosure from witnesses and police officers involved in the incidents.

Even if the Court finds that the official information privilege does not prevent disclosure of personnel records, the documents produced should be limited in scope. Because this information would only be relevant to a claim under <u>Monell</u>, production should be limited to prior acts and training related to the alleged constitutional violation of excessive force. Any training or incident unrelated to the constitutional violation alleged or any subsequent incident cannot be the "moving force" behind the constitutional violation.

### A.   DISCOVERY STANDARD

Discovery is not unlimited.  Rather, each party only has the right to discover "any nonprivileged matter that is relevant to any party's claim or defense." (Fed.R.Civ.P. 26(b)(1))  Discovery requests must be reasonably calculated to lead to the discovery of admissible evidence. "'[D]iscovery, like all matters of procedure, has ultimate and necessary boundaries." [Citations omitted] Discovery of matter not 'reasonably calculated to lead to the discovery of admissible evidence' is not within the scope of Rule 26(b)(1).  (<u>Oppenheimer Fund, Inc. v. Sanders</u>, 437 U.S. 340, 351-52 (1978))  A discovery request should not be allowed if it is clear

**JOINT DISCOVERY MOTION TO COMPEL DEFENDANT
CITY OF GARDEN GROVE TO PRODUCE DOCUMENTS**

1  that the information has no possible bearing on the claim or defense of a party.  (In
2  re Toys R Us-Delaware, Inc. Fair & Accurate Credit Transactions Act (FACTA)
3  Litig., 2010 WL 4942645, *1 (C.D. Cal. 2010)

4      Evidence of a subsequent shooting has no bearing on Plaintiff's Monell claim
5  nor can it be used for any other reason.

6      **B.      THE OFFICIAL INFORMATION PRIVILEGE PREVENTS**
7              **DISCLOSURE OF THE DOCUMENTS REQUESTED**

8      The declaration of Sgt. McIver establishes the applicability of the official
9  information privilege. In Kelly v. City of San Jose, 114 F.R.D. 653, 669-670 (N.D.
10  Cal. 1987), the Court held that in order to establish the applicability of the official
11  information privilege, the declaration rom the agency official must state:

12      "(1) an affirmation that the agency generated or collected the material in issue
13  and has in fact maintained its confidentiality…,

14      (2) a statement that the official has personally reviewed the material in
15  question,

16      (3) a specific identification of the governmental or privacy interest that would
17  be threatened by disclosure of the material to plaintiff and/or his lawyer,

18      (4) a description of how disclosure subject to a carefully crafted protective
19  order would create a substantial risk of harm to significant governmental or privacy
20  interests,

21      (5) and a projection of how much harm would be done to the threatened
22  interests if the disclosure were made."

23      The declaration of Sgt. McIver satisfies these requirements. Sgt. McIver's
24  declaration identifies how the City of Garden Grove maintains and generates the
25  information that is the subject of this motion. (See Exhibit C, ¶ 3-19)  Second, Sgt.
26  McIver has reviewed the information sought by Plaintiff. (See Exhibit C, ¶ 1, 5)

27

28

- 17 -

1  Third, Sgt. McIver adequately describes the governmental interest that would be

2  threatened by the disclosure of material to Plaintiff and his counsel. (See Exhibit C,

3  ¶ 6-19) Sgt. McIver addressed the fourth and fifth factors, identifying how

4  disclosure of the items requested could compromise governmental and privacy

5  interests. (<u>Id</u>.) Sgt. McIver also identified the potential harm that would result from

6  any disclosure. (<u>Id</u>.)

7       Additionally, these requests seek discovery of protected internal affairs

8  investigation reports. Any reports related to the findings, evaluations or

9  recommendations are not discoverable. (<u>See</u> <u>Segura v. City of Reno</u>, 116 F.R.D. 42,

10  45 (D. Nev. 1987) (identifying the importance of protecting documents that may

11  chill the police self-evaluative process) (citing <u>Frankenhauser v. Rizzo</u>, 59 F.R.D.

12  339, 344 (E.D. Pa. 1971) (holding that when determining whether internal affairs

13  reports should be produced, the Court should consider, "the degree to which

14  governmental self-evaluation and consequent program improvement will be chilled

15  by disclosure.") As noted in <u>Sanchez v. City of Santa Ana</u>, 936 F.2d 1027, 1034

16  (9th Cir. 1990), the Ninth Circuit recognized the dangers in allowing unfettered

17  access to internal law enforcement files and reports, refusing to allow discovery of

18  files that could impact the disciplinary procedures within the police department.

19  **C.  EVIDENCE OF INCIDENTS AND TRAINING UNRELATED TO**

20  **THE ALLEGED CONSTITUTIONAL VIOLATION ALONG**

21  **WITH SUBSEQUENT INCIDENTS HAVE NO BEARING ON**

22  **PLAINTIFF'S *MONELL* CLAIM AND THEREFORE ARE NOT**

23  **DISCOVERABLE**

24       Case law establishes that personnel files contain information that is both

25  private and irrelevant to Plaintiff's claims. (See <u>Professional Recovery Services,</u>

26  <u>Inc. v. General Elec. Capital Corp.</u>, 2009 WL 137326, *4 (D.N.J. Jan. 15, 2009)

27

28                          - 18 -

1 Discovery may be denied or must be narrowly tailored to balance the needs of the
2 litigation against a party's reasonable expectations of privacy. (<u>Id.</u>, <u>Blotzer v. L-3</u>
3 <u>Commc'ns Corp.</u>, 287 F.R.D. 507, 509 (D. Ariz. 2012))

4        A municipality cannot be held liable under 42 U.S.C. §1983 on a theory of
5 respondeat superior. In order to impose municipal liability against the City,
6 Plaintiffs must show that an existing policy or custom caused a constitutional tort.
7 (<u>Monell v. Dep't of Soc. Servs. of City of New York</u>, 436 U.S. 658, 691 (1978)) ". .
8 .[A] city is not liable under § 1983 unless a municipal 'policy' or 'custom' is the
9 moving force behind the constitutional violation." (<u>City of Canton, Ohio v. Harris</u>,
10 489 U.S. 378, 379 (1989); <u>See also</u> <u>Polk County v. Dodson</u>, 454 U.S. 312, 326
11 (1981)) "At the very least, there must be an affirmative link between the policy and
12 the particular constitutional violation alleged." (<u>City of Oklahoma City v. Tuttle</u>,
13 471 U.S. 808, 823 (1985)) As such, any allegation of improper training or prior
14 misconduct must relate to the Constitutional violation alleged in this lawsuit;
15 excessive force. Different forms or subsequent alleged misconduct cannot be said to
16 be the "moving force" behind the Constitutional violation alleged in this lawsuit.
17 The same is true with regard to the officer's training materials. Cases such as
18 <u>Brandon v. Holt</u> 469 U.S. 464 (1985), state that "similar incidents" can be used to
19 prove a Monell claim. As with <u>Brandon</u>, the only relevant inquiry is related to pre-
20 incident similar conduct.

21        The Ninth Circuit has held that a Plaintiff seeking to impose municipal
22 liability must show the custom or policy was longstanding, persistent and
23 widespread:

24            "[Plaintiff] must show a 'longstanding practice or custom
             which constitutes the standard operating procedure of the
25            local government entity." [Citations omitted]. The custom
             must be so 'persistent and widespread' that it constitutes a
26            "permanent and well settled city policy.'[Citations
             omitted]    Liability for improper custom may not be

27

28
                                    - 19 -

                    **JOINT DISCOVERY MOTION TO COMPEL DEFENDANT**
                    **CITY OF GARDEN GROVE TO PRODUCE DOCUMENTS**

1
2
3
4

predicated on isolated or sporadic incidents; it must be
founded upon practices of sufficient duration, frequency
and consistency that the conduct has become a traditional
method of carrying out policy." [Citations omitted]
(Trevino v. Gates, 99 F.3d 911, 918 (9th Cir. 1996)
holding modified by Navarro v. Block, 250 F.3d 729 (9th
Cir. 2001))

5
6
7

Plaintiffs seek the production of documents unrelated to use of force and/or subsequent incidents. Plaintiff argue this request is discoverable for their Monell claim.

8
9
10
11
12
13
14
15

The only "pattern" relevant to Plaintiff's Monell claim would be a pattern that existed prior to the June 29, 2015 event. Training or internal affairs investigations unrelated to the use of force would not be relevant to any constitutional violation alleged by Plaintiff. Any subsequent incident would only be relevant to an alleged "pattern" that developed after June 29, 2015. A pattern or custom that developed after June 29, 2015 could not have been a longstanding custom that was the driving force behind a constitutional deprivation on June 29, 2015.

16
17
18
19
20
21
22

Similarly, Plaintiff cannot use a subsequent event to show the City was deliberately indifferent to the likelihood that the situation will recur. To prove their Monell claim in this manner, Plaintiff needs to establish that the City was deliberately indifferent to information that existed prior to June 29, 2015. A subsequent event cannot be used to show the City had information on June 29, 2015 that showed the likelihood that the situation would recur because this information was not available to the City on June 29, 2015.

23
24
25
26

It is axiomatic that Monell requires that the alleged custom be in place at the time of the incident. In order to establish Monell liability, Plaintiffs must prove that a long-standing existing custom was the cause of a constitutional deprivation. A custom that developed after November 10, 2012 could not have been "long

27
28

- 20 -

**JOINT DISCOVERY MOTION TO COMPEL DEFENDANT
CITY OF GARDEN GROVE TO PRODUCE DOCUMENTS**

standing" or "the moving force" of the alleged constitutional deprivation on June 29, 2015.  Plaintiff's position is the equivalent of blaming an auto accident on faulty brakes that were installed after the accident.

The analysis in <u>Trevino v. Gates</u>, 99 F.3d 911 (9th Cir. 1996) <u>holding modified by</u> <u>Navarro v. Block</u>, 250 F.3d 729 (9th Cir. 2001) shows that only pre-incident events are relevant to establishing a custom for <u>Monell</u> purposes.  In <u>Trevino</u> plaintiff alleged that the city had a custom of indemnifying police officers for punitive damage awards.  Plaintiff alleged this custom was the driving force behind her constitutional violation.  In examining the evidence, the <u>Trevino</u> Court looked only at punitive damage cases the city took action on prior to the date of plaintiff's alleged constitutional violation.  (<u>Id</u>. At 919)  The court specifically pointed out that, of the nine punitive damage cases plaintiff relied on, two of them involved votes about indemnification that occurred after plaintiff's alleged constitutional violation.  (<u>Id</u>. At 919)  As to those two cases, the court only considered that the city had posted an appellate bond because that action had occurred before plaintiff's alleged constitutional violation.

Plaintiff's own meet and confer efforts identify that the production of personnel files are not unlimited. (See Exhibit E). In the rulings provided by Plaintiff's counsel, the Court limited production to prior acts and training related to the alleged constitutional violations. In this case, the only relevant prior acts or training are related to Plaintiff's claim of excessive force.

### D.   <u>CONCLUSION</u>

For the above reasons, the Court should deny Plaintiff's motion. If the motion is not denied, the ordered production should be limited to pre-incident acts, training and personnel information related to claims or allegations of use of force.

### (v)   **PLAINTIFF'S REQUEST FOR PRODUCTION OF**

**JOINT DISCOVERY MOTION TO COMPEL DEFENDANT**
**CITY OF GARDEN GROVE TO PRODUCE DOCUMENTS**

1192184.1

1  **DOCUMENTS TO DEFENDANT CITY OF GARDEN GROVE,**

2  **SET 1, ITEM NO. 21.**

3  "Any and all investigations of Garden Grove Police Officer, Defendant,

4  Bryan Meers, by the City of Garden Grove District Attorney's Office, the California

5  Attorney General, the FBI, the United States Attorney General's Office, the Office

6  of the United States Attorney or the Office of Civil Rights."

7  **(vi)  DEFENDANT CITY OF GARDEN GROVE RESPONSE**

8  **TO REQUEST FOR PRODUCTION, SET 1, ITEM NO. 21.**

9  Please See; "DECLARATION OF SERGEANT CRAIG MCIVER IN

10  SUPPORT OF OFFICIAL INFORMATION PRIVILEGE  CLAIMED", attached to

11  this Motion as Exhibit [D]

12  **(vii)  PLAINTIFF'S ARGUMENT FOR COMPELLING**

13  **PRODUCTION OF DOCUMENTS REQUESTED**

14  **BY REQUEST TO PRODUCE SET 1, ITEM NO. 21.**

15  Plaintiff hereby incorporates the entirety of the points and authorities and

16  arguments stated in Plaintiff's arguments for Production of Documents, set one,

17  item number 20.

18  **(viii)  DEFENDANT'S ARGUMENT AGAINST COMPELLING**

19  **A FULL RESPONSE TO PLAINTIFF'S REQUEST**

20  **TO PRODUCE SET 1, ITEM NO. 21.**

21  Defendant hereby incorporates the entirety of the points and authorities and

22  arguments stated in Defendant's Arguments for Production of Documents, Set One,

23  No. 20.

24  **(ix)  PLAINTIFF'S REQUEST FOR PRODUCTION**

25  **OF DOCUMENTS TO DEFENDANT CITY OF**

26  **GARDEN GROVE, SET 1, ITEM NO. 22.**

27

28

**JOINT DISCOVERY MOTION TO COMPEL DEFENDANT**
**CITY OF GARDEN GROVE TO PRODUCE DOCUMENTS**

1192184.1

"Any and all investigations of Garden Grove Police Officer, Defendant, Bryan Meers, for use of excessive force."

### (x)   DEFENDANT CITY OF GARDEN GROVE RESPONSE TO REQUEST FOR PRODUCTION, SET 1, ITEM NO. 22.

Please See; "DECLARATION OF SERGEANT CRAIG MCIVER IN SUPPORT OF OFFICIAL INFORMATION PRIVILEGE CLAIMED", attached to this Motion as Exhibit [D]

### (xi)   PLAINTIFF'S ARGUMENT FOR COMPELLING PRODUCTION OF DOCUMENTS REQUESTED BY REQUEST TO PRODUCE SET 1, ITEM NO. 22

Plaintiff hereby incorporates the entirety of the points and authorities and arguments stated in Plaintiff's arguments for Production of Documents, set one, item number 20.

### (xii)   DEFENDANT'S ARGUMENT AGAINST COMPELLING A FULL RESPONSE TO PLAINTIFF'S REQUEST TO PRODUCE SET 1, ITEM NO. 22

Defendant hereby incorporates the entirety of the points and authorities and arguments stated in Defendant's Arguments for Production of Documents, Set One, No. 20.

### (xiii) PLAINTIFF ANDREW GARCIA'S REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT CITY OF GARDEN GROVE, SET 1, ITEM NO. 25.

"A copy of City of Garden Grove Police Department discipline file of Garden Grove Police Officer, Defendant Bryan Meers, including any record of discipline, use of force, employment application, training, reprimands, demotions, resignation, retirement or termination, (the City may redact the officer's personal information,

such as social security numbers, home addresses, telephone numbers, health insurance information, family information, medical information, worker's compensation information, insurance information and the like)."

    **(xiv)  DEFENDANT CITY OF GARDEN GROVE RESPONSE**

          **TO REQUEST FOR PRODUCTION, SET 1, ITEM NO. 25.**

Please See; "DECLARATION OF SERGEANT CRAIG MCIVER IN SUPPORT OF OFFICIAL INFORMATION PRIVILEGE CLAIMED", attached to this Motion as Exhibit [D].

    **(xv)   PLAINTIFF'S ARGUMENT FOR COMPELLING**

          **PRODUCTION OF DOCUMENTS REQUESTED**

          **BY REQUEST TO PRODUCE SET 1, ITEM NO. 25.**

Plaintiff hereby incorporates the entirety of the points and authorities and Arguments stated in Plaintiff's arguments for Production of Documents, set one, item number 20.

    **(xvi)  DEFENDANT'S ARGUMENT AGAINST COMPELLING**

          **A FULL RESPONSE TO PLAINTIFF'S REQUEST**

          **TO PRODUCE SET 1, ITEM NO. 25.**

Defendant hereby incorporates the entirety of the points and authorities and arguments stated in Defendant's Arguments for Production of Documents, Set One, No. 20.

    **(xvii) PLAINTIFF ANDREW GARCIA'S REQUEST**

          **FOR PRODUCTION OF DOCUMENTS TO DEFENDANT**

          **CITY OF GARDEN GROVE, SET 1, ITEM NO. 26.**

"A copy of the City of Garden Grove Police Department personnel file of Garden Grove Police Officer, Defendant Bryan Meers, including employment

**JOINT DISCOVERY MOTION TO COMPEL DEFENDANT
CITY OF GARDEN GROVE TO PRODUCE DOCUMENTS**

applications, training, performance reviews, re-training, and other documents contained therein, (the City may redact the officer's personal information, such as social security numbers, home addresses, telephone numbers, health insurance information, family information, medical information, worker's compensation information, insurance information and the like)."

**(xviii)  DEFENDANT CITY OF GARDEN GROVE RESPONSE**
**TO REQUEST FOR PRODUCTION, SET 1, ITEM NO. 26.**

Please See; "DECLARATION OF SERGEANT CRAIG MCIVER IN SUPPORT OF OFFICIAL INFORMATION PRIVILEGE CLAIMED", attached to this Motion as Exhibit [D].

**(xix)  PLAINTIFF'S ARGUMENT FOR COMPELLING**
**PRODUCTION OF DOCUMENTS REQUESTED BY**
**REQUEST TO PRODUCE SET 1, ITEM NO. 26.**

Plaintiff hereby incorporates the entirety of the points and authorities and arguments stated in Plaintiff's arguments for Production of Documents, set one, item number 20.

**(xx)   DEFENDANT'S ARGUMENT AGAINST COMPELLING**
**A FULL RESPONSE TO PLAINTIFF'S REQUEST**
**TO PRODUCE SET 1, ITEM NO. 26.**

Defendant hereby incorporates the entirety of the points and authorities and arguments stated in Defendant's Arguments for Production of Documents, Set One, No. 20.

**(xxi)  PLAINTIFF ANDREW GARCIA'S REQUEST**
**FOR PRODUCTION OF DOCUMENTS TO DEFENDANT**
**CITY OF GARDEN GROVE, SET 1, ITEM NO. 30.**

**JOINT DISCOVERY MOTION TO COMPEL DEFENDANT**
**CITY OF GARDEN GROVE TO PRODUCE DOCUMENTS**

"Any and all internal affairs investigations of Garden Grove Police Officer, Defendant, Bryan Meers."

**(xxii) DEFENDANT CITY OF GARDEN GROVE RESPONSE**

**TO REQUEST FOR PRODUCTION, SET 1, ITEM NO. 30.**

Please See; "DECLARATION OF SERGEANT CRAIG MCIVER IN SUPPORT OF OFFICIAL INFORMATION PRIVILEGE CLAIMED", attached to this Motion as Exhibit [D]

**(xxiii) PLAINTIFF'S ARGUMENT FOR COMPELLING**

**PRODUCTION OF DOCUMENTS REQUESTED**

**BY REQUEST TO PRODUCE SET 1, ITEM NO. 30.**

Plaintiff hereby incorporates the entirety of the points and authorities and arguments stated in Plaintiff's arguments for Production of Documents, set one, item number 20.

**(xxiv) DEFENDANT'S ARGUMENT AGAINST COMPELLING**

**A FULL RESPONSETO PLAINTIFF'S REQUEST TO**

**PRODUCE SET 1, ITEM NO. 30.**

Defendant hereby incorporates the entirety of the points and authorities and arguments stated in Defendant's Arguments for Production of Documents, Set One, No. 20.

**(xxv) PLAINTIFF ANDREW GARCIA'S REQUEST**

**FOR PRODUCTION OF DOCUMENTS TO DEFENDANT**

**CITY OF GARDEN GROVE, SET 1, ITEM NO. 33.**

"All City of Garden Grove Police Department, Annual Employee Performance Evaluations of Defendant Garden Grove Police Officer Bryan Meers."

**(xxvi)     DEFENDANT CITY OF GARDEN GROVE RESPONSE**

**TO REQUEST FOR PRODUCTION, SET 1, ITEM NO. 9**

**JOINT DISCOVERY MOTION TO COMPEL DEFENDANT
CITY OF GARDEN GROVE TO PRODUCE DOCUMENTS**

1192184.1

1    Please See; "DECLARATION OF SERGEANT CRAIG MCIVER IN

2  SUPPORT OF OFFICIAL INFORMATION PRIVILEGE CLAIMED", attached to

3  this Motion as Exhibit [D]

4    **(xxvii)  PLAINTIFF'S ARGUMENT FOR COMPELLING**

5        **PRODUCTION OF DOCUMENTS REQUESTED**

6        **BY REQUEST TO PRODUCE SET 1, ITEM NO. 33.**

7    Plaintiff hereby incorporates the entirety of the points and authorities and

8  arguments stated in Plaintiff's arguments for Production of Documents, set one,

9  item number 20.

10    **(xxviii)  DEFENDANT'S ARGUMENT AGAINST COMPELLING**

11        **A FULL RESPONSE TO PLAINTIFF'S REQUEST**

12        **TO PRODUCE SET 1, ITEM NO. 33.**

13    Defendant hereby incorporates the entirety of the points and authorities and

14  arguments stated in Defendant's Arguments for Production of Documents, Set One,

15  No. 20.

16                        **IV.**

17                **PLAINTIFF'S CONCLUSION**

18    Plaintiff has tried informally and through the discovery shown above to

19  obtain the relevant personnel files of Bryan Meers. Defense counsel has refused to

20  produce the documents despite the fact Plaintiff has signed and the court has

21  executed a protective order, thereby forcing Plaintiff to file this unnecessary

22  Discovery Motion. Defendant's arguments that plaintiff's counsel did not fully meet

23  and confer is nonsense.  Defendant City ignores the fact Plaintiff signed a

24  protective order to keep all documents  marked confidential, confidential.

25    The defendant argues that the information sought is not relevant to prove

26  Municipal Liability. The courts decide what is relevant or not relevant.  There is a

27

28

**JOINT DISCOVERY MOTION TO COMPEL DEFENDANT
CITY OF GARDEN GROVE TO PRODUCE DOCUMENTS**

1192184.1

simple resolution for information that is deemed not relevant by the trial court.  It is simply found inadmissible.  At this state in the proceeding relevance is not a factor for production  The Defendant City has no justifiable reason for not providing Plaintiff with the personnel information sought in discovery and by this motion.  This information is necessary for Plaintiff to properly prosecute his claims against defendant BRYAN MEERS.

    For the reasons explained in this motion the court should order the defendant City to produce the information requested above..

## V.

## DEFENDANT'S CONCLUSION

    The City submits that Plaintiff's motion should be denied in its entirety as the documents are protected by the official information privilege.  If the Court is included to grant any portion of Plaintiff's motion, the City requests that the documents be limited in scope. Information related to an officer's personnel file and internal affairs investigations would only be relevant to a claim under <u>Monell</u>. Therefore, production should be limited to prior acts and training related to the alleged constitutional violation of excessive force. Any training or incident unrelated to the constitutional violation alleged or any subsequent incident cannot be the "moving force" behind the constitutional violation.


Dated: September 19, 2016        GUIZAR, HENDERSON & CARRAZCO, L.L.P.



                                By: ___/s/_____
                                     Humberto Guizar
                                     Attorneys for Plaintiff

- 28 -

1192184.1

1

2     Dated: September 26, 2016          WOODRUFF, SPRADLIN & SMART APC

3

4                                        By: /s _____

5                                            Caroline Byrne
                                             Attorneys for Defendant

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
                                        - 29 -
                  **JOINT DISCOVERY MOTION TO COMPEL DEFENDANT**
                  **CITY OF GARDEN GROVE TO PRODUCE DOCUMENTS**